# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLLERMO TRUJILLO CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TREVINO, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00104-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 26, 2021, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

　　　　Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1]　　The Court takes judicial notice of the following United States District Court cases: (1) Trujillo v. Sherman,

1

1    The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy
2 the imminent danger exception to section 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047,
3 1053−55 (9th Cir. 2007).  Plaintiff alleges that Defendant Trevino made false accusations against
4 him in retaliation for filing grievances, and for the purpose of having him assaulted.  Plaintiff
5 alleges that Defendant Trevino threatened Plaintiff with an assault or stabbing and would provoke
6 or incite violence by offering promises of rewards to "anonymous resources who supported her
7 campaign of threats."  (ECF No. 1, p. 2.)  Plaintiff further alleges that on November 14, 2020, he
8 was the victim of a battery on an inmate with two weapons.  (Id. at 3.)  Plaintiff states that
9 Defendant Trevino's actions and orders to have him attacked have caused him to fear for his
10 safety and to suffer severe emotional distress, fright, anxiety, and physical distress.  (Id.)

11   However, Plaintiff does not allege in the complaint that Defendant Trevino's conduct is
12 ongoing, or that he continues to fear for his safety.  Furthermore, Plaintiff's complaint contains no
13 indication that an attack is likely to happen again, and only conclusory allegations that Defendant
14 Trevino's conduct instigated the first attack on November 14, 2020.

15   The availability of the imminent danger exception "turns on the conditions a prisoner
16 faced at the time the complaint was filed, not at some earlier or later time."  Andrews, 493 F.3d at
17 1053.  "Imminent danger of serious physical injury must be a real, present threat, not merely
18 speculative or hypothetical."  Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4,
19 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of
20 ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent
21 serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and
22 utterly conclusory assertions" of imminent danger or insufficient.  White v. Colorado, 157 F.3d

---

Case No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015 for failure to state a claim), aff'd, Case No. 15-15952 (9th Cir. May 6, 2016); (2) Trujillo v. Ruiz, Case No. 1:14-cv-00975-SAB (E.D. Cal.) (dismissed on January 6, 2016 for failure to state a claim), aff'd, Case No. 16-15101 (9th Cir. December 15, 2017); and (3) Cruz v. Gomez, Case No. 1:15-cv-00859-EPG (E.D. Cal.) (dismissed on February 3, 2017 for failure to state a claim), aff'd, Case No. 17-15358 (9th Cir. October 25, 2017).
     The Court also takes judicial notice of the following United States Court of Appeals case: Trujillo v. Gonzalez-Moran, Case No. 17-15200 (9th Cir.) (dismissed on August 21, 2017 as frivolous).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.  The Court further notes that the filed complaint, though only five pages in length, includes more than 350 pages of exhibits not referenced or incorporated into the complaint.  The Court has therefore based its analysis only on the five handwritten pages of the complaint.

1226, 1231–32 (10th Cir. 1998).

Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 28, 2021**              /s/ Barbara A. McAuliffe       _
                                           UNITED STATES MAGISTRATE JUDGE